1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GARY ALAN EBERLY,                        No.  2:19-CV-1631-MCE-DMC-P

12                    Petitioner,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   ROBERT NEUSCHMID,

15                    Respondent.

16

17            Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is respondent's motion to

19   dismiss (ECF No. 9). Respondent contends the petition is untimely.

20

21                              **I. BACKGROUND**

22            Petitioner Gary Alan Eberly was convicted in Sacramento County Superior Court

23   of first-degree murder. See ECF No. 1, p. 2. On February 26, 2016, petitioner was sentenced to an

24   indeterminate state prison term of twenty-five years to life with possibility of parole. Id.

25   Petitioner appealed his conviction. The California Court of Appeal affirmed the judgment on

26   October 30, 2017. See ECF No. 1, p. 2. The California Supreme Court denied review on January

27   24, 2018. Id.

28   ///

1    Petitioner filed three pro se state post-conviction collateral actions, all of which

2    were petitions for writs of habeas corpus. <u>See</u> ECF No. 1, pp. 2-5; ECF No. 10, Attach. #6, p. 1.

3          <u>First Action</u>          Sacramento County Superior Court.
                                       Filed August 17, 2016.
4                                      Denied October 20, 2016.

5          <u>Second Action</u>        Sacramento County Superior Court.
                                       Filed April 25, 2018.
6                                      Denied June 19, 2018.

7          <u>Third Action</u>         California Supreme Court.
                                       Filed April 20, 2019.
8                                      Denied July 17, 2019.

9    Petitioner's federal petition was filed on August 20, 2019. <u>Id.</u>

10

11                            **II. DISCUSSION**

12   Federal habeas corpus petitions must be filed within one year from the later of:

13   (1) the date the state court judgment became final; (2) the date on which an impediment to filing

14   created by state action is removed; (3) the date on which a constitutional right is newly-

15   recognized and made retroactive on collateral review; or (4) the date on which the factual

16   predicate of the claim could have been discovered through the exercise of due diligence.  <u>See</u> 28

17   U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

18   judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

19   review.  <u>See</u> 28 U.S.C. § 2244(d)(1).

20   Where a petition for review by the California Supreme Court is filed and no

21   petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

22   begins running the day after expiration of the 90-day time within which to seek review by the

23   United States Supreme Court.  <u>See</u> <u>Patterson v. Stewart,</u> 251 F.3d 1243, 1246 (9th Cir. 2001).

24   Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year

25   limitations period begins to run the day after certiorari is denied or the Court issued a merits

26   decision.  <u>See</u> <u>Wixom v. Washington,</u> 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for

27   review by the California Supreme Court is filed, the conviction becomes final 40 days following

28   the Court of Appeal's decision, and the limitations period begins running the following day.  <u>See</u>

1    Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the

2    conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the

3    limitations period begins running the following day.  See Cal. Rule of Court 8.308(a).  If the

4    conviction became final before April 24, 1996 – the effective date of the statute of limitations –

5    the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v.

6    Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

7              The limitations period is tolled, however, for the time a properly filed application

8    for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

9    "properly filed," the application must be authorized by, and in compliance with, state law.  See

10   Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.

11   DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

12   state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

13   and the failure to comply with those time limits precludes a finding that the state petition is

14   properly filed).  A state court application for post-conviction relief is "pending" during all the

15   time the petitioner is attempting, through proper use of state court procedures, to present his

16   claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

17   "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

18   U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

19   petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between

20   state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,

21   536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as

22   untimely, the federal court must independently determine whether there was undue delay.  See id.

23   at 226-27.

24             There is no tolling for the interval of time between post-conviction applications

25   where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183

26   F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

27   tolling for the period between different sets of post-conviction applications.  See Biggs v.

28   ///

3

1    Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

2    review and the filing of a state post-conviction application does not toll the limitations

3    period. See Nino, 1983 F.3d at 1006-07.

4                    **A.      The Limitations Period Begins**

5                    Petitioner did not seek certiorari in the United States Supreme Court after the

6    California Supreme Court denied his petition for review on January 24, 2018. Thus, the one-year

7    limitations period commenced on April 25, 2018—the day after the ninety-day period to file a

8    petition for writ of certiorari with Untied States Supreme Court expired. See Patterson, 251 F.3d

9    at 1246. Absent tolling, petitioner's federal habeas complaint was due by April 25, 2019.

10                   **B.      Tolling**

11                   As respondent correctly notes, petitioner's first direct state action had no effect on

12   the limitations period. Petitioner filed his first state action on August 17, 2016, and was denied on

13   October 20, 2016. See ECF No. 10, Attach. #6, p.1. Petitioner's filing and denial both occurred

14   before direct review became final on January 24, 2018. See ECF No. 1, p. 2. Collateral actions

15   filed before the limitation period commences have no tolling consequences. Waldrip v. Hall, 548

16   F.3d 729, 735 (9th Cir. 2008). Therefore, the time during which this action was pending had no

17   effect on the statute of limitations because the limitation period had not yet commenced.

18                   Respondent also correctly notes that petitioner's second state action tolled the

19   limitations period. Petitioner timely filed his second direct state action on April 25, 2018. See

20   ECF No. 1, p. 2. Thus, the limitation period began to run on June 19, 2018 when petitioner's

21   second direct state habeas petition was denied.

22                   Citing Evans v. Chavis, 546 U.S. 189, 201 (2006), respondent argues that

23   petitioner unreasonably delayed seeking review of the state superior court's denial of his second

24   petition by waiting 305 days after the denial to file the third state court action. Respondent

25   contends that because petitioner unreasonably delayed seeking further review, his third petition

26   was not properly pending under U.S.C. § 2244(d)(2). Citing Pace, 544 U.S. at 414, respondent

27   also argues that the limitations period continued to run both (1) on the days before the untimely-

28   under-state-law third action and (2) on the days that the untimely-under-state-law third action was

                                                    4

1    on file.

2        Petitioner does not address his 305-day filing delay. Instead, petitioner claims that

3    the judgment in his criminal case was void because only private citizens can bring a claim for a

4    felony. Petitioner argues that because the felony charge was not correctly brought to court, the

5    Sacramento County Superior Court did not have jurisdiction over him. Thus, petitioner contends

6    that his third state action was timely because limitations claims do not apply to void judgments.

7    Petitioner also argues that he should be entitled to a statute of limitations exception due to a

8    miscarriage of justice.

9        The Court finds that petitioner's filing of his third state court post-conviction

10   action was untimely due to an unreasonable 305-day delay and, therefore, petitioner is not entitled

11   to tolling for the period between the denial of his second state action and filing of his third state

12   action. The Court also finds that petitioner is not entitled to tolling for the period between the

13   filing of petitioner's third state action and the denial of that action due to the untimely file.

14       Petitioner's arguments are flawed for multiple reasons. First, petitioner's claim

15   that the judgment in his case is void is inaccurate. Petitioner's reliance on Serna v. Superior

16   Court, 40 Cal. 3d 239 (1985), is misguided. The Serna court's assertion that felony complaints do

17   not confer immediate trial jurisdiction signified that a defendant must go before a magistrate

18   judge to determine whether probable cause exists to charge him with a felony. See Serna, 40 Cal.

19   3d at 257. The Serna court did not state that trial courts have no jurisdiction over felony

20   complaints at any time. Superior courts gain jurisdiction after a filing of an information. See

21   People v. Leonard, 228 Cal. App. 4th 465, 482 (2014). Here, petitioner went before a magistrate

22   judge who found sufficient cause for petitioner's guilt. See ECF No. 10, Attach. #7, pp. 20-1. The

23   felony complaint against petitioner therefore became an information. Id. Sacramento County

24   Superior Court had jurisdiction over petitioner's case. Thus, petitioner's argument that the court's

25   judgment is void is meritless.

26   ///

27   ///

28   ///

1    Second, petitioner's assertion that only private citizens can file felony charges is

2    incorrect. In fact, private citizens lack the authority to bring criminal charges. See Linda R.S. v.

3    Richard D., 410 U.S. 614, 619 (1973). Petitioner's reliance on Attorney General Lockyer's

4    statement that "the government may not even be involved in the preparation, investigation, and

5    filing of a felony complaint" is misguided.  See ECF No. 11, p. 3 (quoting People v. Viray, 134

6    Cal. App. 4th 1186, 1200 (2005)). The Viray court discredited Attorney General Lockyer's

7    statement on the basis that established caselaw directly contradicted his claim. See People v.

8    Viray, 134 Cal App. 4th at 1201-02. Thus, petitioner cannot rely on this claim to support his case.

9    Further, Attorney General Lockyer's use of the term "may" meant he believed there could be

10    situations where the government was not involved in the preparation, investigation, and filing of a

11    felony complaint. Attorney General Lockyer never stated that the government lacked the

12    authority to be involved in the preparation, investigation, and filing of a felony.

13    Third, insofar as petitioner alleges that he is entitled to a statute of limitations

14    exception due to a fundamental miscarriage of justice, he is mistaken. The miscarriage of justice

15    exception is limited to "those *extraordinary* cases where the petitioner asserts his innocence and

16    establishes that the court cannot have confidence in the contrary finding of guilt." Johnson v.

17    Knowles, 541 F.3d 933, 937 (Ninth Cir., 2008). Without any new evidence of innocence, the

18    existence of even a meritorious constitutional violation cannot establish that a miscarriage of

19    justice exception would allow an otherwise barred claim to succeed. See Schlup v. Delo, 513 U.S.

20    298, 316 (1995). Here, petitioner does not introduce any new evidence of his innocence and his

21    argument centers around the alleged procedural violations that occurred in his criminal case.

22    Thus, he is not entitled to a statute of limitations exception on the grounds of a fundamental

23    miscarriage of justice.

24    Petitioner does not provide any explanation for his delay besides his argument that

25    statutory tolling does not apply to his case, which, as previously discussed, is meritless. As

26    demonstrated by recent cases, the Ninth Circuit has made it common practice to hold firm to a

27    thirty- or sixty- day period for filing subsequent state actions absent a showing of a proper excuse

28    for delay. See Livermore v. Watson, 556 F. Supp. 2d 1112, 1118-20 (E.D. Cal. 2008) (holding

6

1    that the four-and-a-half-month delay in <u>Saffold</u> was not deemed to be reasonable, and that an

2    interval of seventy-eight days between filings was not entitled to statutory tolling since it was not

3    timely); <u>Bennett v. Felker</u>, 635 F. Supp. 2d 1122, 1124-27 (C.D. Cal. 2009) (holding that ninety-

4    three days of unexplained delay in filing petition was "…substantially longer than the thirty or

5    sixty days contemplated by the Supreme Court in <u>Evans</u>, and is unjustified when Petitioner's third

6    petition was nearly identical to the one he filed in the lower court." (italic removed). Petitioner's

7    305-day delay extends far beyond this time period and thus was an unreasonable delay.

8         Additionally, petitioner is not entitled to any statutory tolling related to the third

9    state court action because he was not pursuing relief to the next highest state court.  Petitioner's

10    first two state court actions were filed in the trial court.  The third state court action was filed in

11    the California Supreme Court, not the next higher court after the trial court which would be the

12    California Court of Appeal.

13                    **C.    <u>The Limitations Period Ends</u>**

14         As indicated above, by the time the state court denied petitioner's untimely third

15    post-conviction action, a total of 393 days had elapsed (305 days through filing of the second

16    court action plus 88 days through the denial of the third state court action). An additional month

17    passed before petitioner filed his federal petition.

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

**III. CONCLUSION**

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 9) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 363(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 18, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

8